**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| VERONICA VILLANUEVA et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | 2:12-cv-01473-RCJ-PAL |
| vs. ) | |
| ) | |
| AMBASSADOR LIMOUSINE et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| ) | |

This negligence case arises out of an automobile accident. Pending before the Court are two Motions to Dismiss (ECF Nos. 17, 23) and a Motion to Quash Service (ECF No. 22). For the reasons given herein, the Court grants the motions.

**I.    FACTS AND PROCEDURAL HISTORY**

On August 18, 2010, Plaintiffs Veronica Villanueva and Zachary Daniels were riding in a limousine owned by Defendant Ambassador Limousine ("Ambassador") and driven by Ambassador's employee Defendant David Razon. (Compl. ¶¶ 4–7, 10, 12, Aug. 20, 2012, ECF No. 1). Razon was driving westbound on West Tropicana Boulevard in Las Vegas, Nevada at forty-five miles per hour. (*Id.* ¶ 12).[1] The traffic light at the Cameron Street intersection was yellow when Razon approached it, but rather than stop, Razon attempted to clear the intersection before the light turned red. (*Id.* ¶ 13). Razon was driving directly behind a taxicab owned by Defendant Western Cab Company ("Western") and driven by Western's employee Defendant

---

[1] Plaintiffs argue this was an unsafe speed but do not allege the speed limit. (*See id.*).

Samson Gebremedhin, who was also trying to beat the yellow light. (*Id.* ¶¶ 9, 11, 13).[2]  Traffic in front of Gebremedhin and Razon had stopped at the Cameron Street intersection, however. (*Id.* ¶ 14). Gebremedhin struck a third vehicle that had stopped at the intersection, and Razon struck Gebremedhin immediately thereafter. (*Id.* ¶¶ 14–15).[3]  Ambassador had not provided visible or accessible safety belts for Plaintiffs. (*Id.* ¶ 16).  Villanueva sustained lacerations to her face and legs from broken glassware, serious injuries to her head, neck, shoulder, upper back, mid-to-lower spine, and legs, as well as closed head trauma, and was knocked unconscious. (*Id.* ¶ 20). Daniels struck his left knee violently, lacerating it and aggravating pre-existing injuries from his military service. (*Id.* ¶ 21).  Plaintiffs allege Razon and Gebremedhin were negligent for, *inter alia*, failing to obey traffic lights, failure to obey speed limits, failure to provide safety belts for paying passengers, failure to keep a proper lookout, failure to avoid a collision, and failure to notice the presence and proximity of the vehicle in front of him. (*See id.* ¶¶ 23, 39).

Plaintiffs sued Defendants in diversity in this Court for negligence.  All Plaintiffs are California citizens, and all Defendants are Nevada citizens. (*See id.* ¶¶ 4–9).  The Nevada Secretary of State website confirms that Ambassador is a domestic limited partnership and Western is a domestic corporation. *See* Nevada Secretary of State (Jan. 22, 2013, 8:21 AM), http://nvsos.gov/sosentitysearch/CorpSearch.aspx.  Plaintiffs list four nominal causes of action for negligence.  Razon and Gebremedhin are listed under the first and third counts, respectively, and their employers, Ambassador and Western, are listed under the second and fourth counts, respectively, under a respondeat superior theory.  Defendants have moved to dismiss or to strike the Complaint for failure to comply with Rule 4 and Local Rule 10-2.

///

---

[2]Plaintiffs also argue that Gebremedhin was traveling at an unsafe speed. (*See id.*).

[3]The driver of the third vehicle is not a party and is not identified in the Complaint.

## II. LEGAL STANDARDS

### A. Rule 4(m)

If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

### B. Local Rule 10-2

An attorney not admitted to this Court may practice only by leave of the Court. Local R. 10-2(a). A petition for admittance *pro hac vice* must confirm that the attorney is not a member of the State Bar of Nevada, is not a Nevada resident, is not regularly employed in Nevada, is in good standing to practice before the bar of any jurisdiction in the U.S., and an active member of the Nevada bar is associated as counsel of record. *Id.* While the petition is pending, the attorney may take no action apart from filing the first pleading or motion. Local R. 10-2(c). The Clerk shall not issue any summons or writ while the petition is pending. *Id.* Attorneys have forty-five days to comply with the rule after making their first appearance. Local R. 10-2(e). Failure to comply may result in the striking of any and all documents filed by the offending attorney. Local R. 10-2(k).

## III. ANALYSIS

Defendants argue that Plaintiffs' attorneys are not licensed to practice law by the Supreme Court of Nevada, or in the federal courts within Nevada, and have not been admitted *pro hac vice* in the present matter. Defendants note that the Complaint failed to note that Local Rule 10-2 had been complied with or would be complied with within the required time, and that the Clerk entered notices to each of Plaintiffs' counsel on August 20, 2012 noting that verified petitions for admittance *pro hac vice* were due October 4, 2012. Despite these warnings, Plaintiffs' counsel have not submitted *pro hac vice* petitions. Two days before Defendants filed the present motion,

1   the magistrate judge granted Plaintiffs' separate motions to substitute a Reno, Nevada attorney
2   for their former counsel, and former counsel have been terminated.
3       Defendants also argue that Plaintiffs failed to serve the Summons and Complaint within
4   120 days of filing the Complaint, as required by Rule 4(m). Defendants note that on August 21,
5   2012, the Clerk entered a notice into the docket noting that no summons was issued because
6   Plaintiffs' attorneys were not authorized to practice before the Court and that a non-admitted
7   attorney could take no action beyond filing an initial pleading except to file a petition for
8   admittance *pro hac vice*. Not deterred, Plaintiffs' counsel filed proposed summonses. The Clerk
9   entered another notice noting that counsel had used the wrong forms (from the District of
10  Nebraska) and had violated Local Rule 10-2(c) by filing additional pleadings without applying
11  for *pro hac vice* admission. Plaintiffs' counsel took no further action and did not petition for
12  admission. On December 21, 2012, the Clerk entered its notice of intent to dismiss pursuant to
13  Rule 4(m) on January 20, 2013 because no proper proof of service had been filed. Only on
14  January 15, 2013, five days before the Rule 4(m) deadline, did Plaintiffs move to substitute
15  counsel. The same day, Plaintiffs' counsel, still without having been admitted, filed another
16  proposed summons, which the Clerk erroneously issued. The next day, the magistrate judge
17  granted Plaintiffs' motion to substitute local counsel. Plaintiffs' now former counsel, which had
18  never been admitted, and which had been withdrawn, then filed alleged certificates of service
19  upon Ambassador and Western, as well as a "Declaration of Diligence" as to failed attempts to
20  serve Razon.
21      The Court first notes that the Clerk should not have issued the summonses on January 15,
22  2013 at a time when Plaintiffs were represented only by non-admitted counsel who had not even
23  filed *pro hac vice* petitions. The Court strikes those summonses. Second, even if the summonses
24  had been validly issued, Attorney Kalinin, who had withdrawn from the case, and who had never
25  even filed a petition to appear in the present case, cannot have filed the certificates of service or

the "Declaration of Diligence." Those filings are also stricken. The Complaint is also stricken under Local Rule 10-2(k) and the case dismissed without prejudice under Rule 4(m). There is no good cause preventing dismissal. Counsel made no reasonable attempt to comply with Rule 4(m). Plaintiffs' new local counsel may attempt to refile the case in this Court or another.

## CONCLUSION

IT IS HEREBY ORDERED that the Motions to Dismiss (ECF Nos. 17, 23) and the Motion to Quash Service (ECF No. 22) are GRANTED. The case is DISMISSED without prejudice under Rule 4(m).

IT IS FURTHER ORDERED that every filing in this case by Attorneys Andrey Kalinin, Deborah Kong, and/or Miguel Barquera are STRICKEN, as is the Summons (ECF No. 14) issued by the Clerk.

IT IS FURTHER ORDERED that the Clerk shall close the case.

IT IS SO ORDERED.

Dated this 11th day of March, 2013.

_____
ROBERT C. JONES
United States District Judge